UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM P. COLEMAN,<br><br>Petitioner,<br><br>v.<br><br>S. HATTON, Warden,<br><br>Respondent. | No. 1:17-cv-00940-AWI-SKO HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS SECOND OR SUCCESSIVE**<br><br>**ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION**<br><br>**(Doc. 1)** |

Petitioner, Malcolm P. Coleman, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Rick Hill,[1] Warden of Folsom State Prison, moves to dismiss the petition as a second or successive petition. The undersigned agrees that the petition is second or successive and recommends that the Court dismiss it.

---

[1] On September 18, 2017, Respondent notified the Court that Petitioner was currently incarcerated at Folsom State Prison, where Ron Rackley was the Warden. Respondent requested the Court substitute Ron Rackley as Respondent pursuant to Fed. R. Civ. P. 25(d). In December, 2017, Rick Hill was appointed as Warden of Folsom State Prison. Therefore, the Court will order the Clerk of Court to amend the caption to reflect Rick Hill as the Respondent in this case.

1

## I. Procedural Background

On January 12, 1999, Petition was convicted in Kern County Superior Court of kidnapping (Cal. Penal Code § 207(a)); two counts of rape (Cal. Penal Code § 261(A)(2)); and oral copulation by force (Cal. Penal Code § 288A(C)). On February 10, 1999, Petitioner was sentenced to an indeterminate state prison term of life, with no eligibility for parole for twenty-five years.

On January 22, 2001, the California Court of Appeal, Fifth Appellate District affirmed Petitioner's convictions. On March 28, 2001, the California Supreme Court summarily denied Petitioner's petition for review.

Thereafter, Petitioner filed several petitions for writs of habeas corpus with the state court. On September 26, 2000, Petitioner filed a petition with the Kern County Superior Court, which was denied on December 14, 2000.

On March 18, 2002, Petitioner filed a second petition for writ of habeas corpus with the Kern County Superior Court, which was denied on April 20, 2002. On May 3, 2002, Petitioner filed a petition with the Court of Appeal, which was summarily denied on August 27, 2002. On September 5, 2002, Petitioner filed a petition with the Supreme Court. Petitioner next filed a supplemental petition for writ of habeas corpus with the Supreme Court on February 16, 2003. On May 14, 2003, the Supreme Court summarily denied the petitions.

On June 15, 2006, Petitioner filed a petition for writ of error coram nobis[2] with the Superior Court, which was denied on July 6, 2006. On July 25, 2006, Petitioner filed a petition for writ of error coram nobis with the Court of Appeal, which was summarily denied on August 4, 2006.

---

[2] A writ of error coram nobis "provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors.'" *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989) (quoting *Yasui v. United States*, 772 F.2d 1496, 1499, n.2 (9th Cir. 1985))

On August 16, 2006, Petitioner filed a petition for writ of habeas corpus with the Superior Court, which was denied on October 20, 2006. On December 19, 2006, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which was summarily denied on March 20, 2007.

On May 2, 2007, Petitioner filed a petition for writ of habeas corpus with the Superior Court, which was denied on July 9, 2007. On August 9, 2007, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which was summarily denied on February 14, 2008. On March 19, 2008, Petitioner filed a petition for writ of habeas corpus before the Supreme Court, which was summarily denied on September 17, 2008.

On August 12, 2008, Petitioner filed a petition for writ of habeas corpus with the Superior Court, which was denied on November 3, 2008. Petitioner filed additional evidence with the Superior Court on October 28, 2009, which the Superior Court found did not warrant a change in the Court's position on December 30, 2009.

On May 19, 2010, Petitioner filed a petition for writ of error coram nobis with the Superior Court, which was deemed a petition for writ of habeas corpus and denied on August 2, 2010. On August 12, 2010, Petitioner filed a notice of appeal of the denial of his May 19, 2010 petition with the Court of Appeal, which was summarily denied on September 29, 2010.

On May 18, 2012, Petitioner filed a petition for writ of error coram nobis with the Court of Appeal, which was summarily denied on July 19, 2012.

On July 19, 2012, Petitioner filed a petition for writ of habeas corpus with the Superior Court, which was denied on September 21, 2012. On October 11, 2012, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which was summarily denied on December 20, 2012. On January 3, 2012, Petitioner filed a petition for writ of habeas corpus with the Supreme Court, which was summarily denied on April 10, 2013.

On October 1, 2015, Petitioner filed a petition for writ of habeas corpus with the Superior Court, which was denied on December 22, 2015. On January 20, 2016, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which was summarily denied on March 4, 2016. On April 20, 2016, Petitioner filed a petition for writ of habeas corpus with the Supreme Court, which was summarily denied on June 15, 2016.

Petitioner has also filed two federal petitions for writ of habeas corpus in this District, challenging his judgment and conviction. On May 28, 2003, Petitioner filed his first petition for writ of habeas corpus. Petitioner raised six grounds for habeas relief in his first petition for writ of habeas corpus: (1) ineffective assistance of counsel; (2) prosecutorial misconduct when the prosecution introduced false evidence that Petitioner was previously convicted of rape; (3) insufficient evidence of rape; (4) improper application of California Evidence Code § 1109; (5) California Jury Instruction 2.50.2, along with the preponderance of evidence standard, lessened the prosecution's burden of proof; and (6) admission of prior bad acts evidence was prejudicial. The petition was denied on the merits on September 12, 2005. *Coleman v. Butler*, 1:03-cv-0578 DLB. The Ninth Circuit Court of Appeal affirmed the denial on November 15, 2007 and the United States Supreme Court denied certiorari on June 9, 2008.

On March 23, 2009, Petitioner filed a second petition for writ of habeas corpus in this District. On December 8, 2009, the petition was dismissed without prejudice as a second or successive habeas petition, because Petitioner had not received authorization from the Ninth Circuit Court of Appeals to file a second or successive petition. *Coleman v. Curry*, 1:09-cv-00546 AWI DLB.

On November 20, 2016, Petitioner filed his petition before this Court. On November 23, 2016, Petitioner filed an application for leave to file a second or successive petition with the Ninth Circuit, which was granted on July 14, 2017. Respondent moved to dismiss the petition as

4

second or successive on September 18, 2017. Petitioner filed an opposition to the motion to dismiss on October 30, 2017.

**II.     Standard of Review**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA "restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661 (2001) (citing 28 U.S.C. § 2244(b)(1)). A petition is second or successive if it challenges "the same custody imposed by the same judgment of a state court" as a previous habeas petition. *Burton v. Steward*, 549 U.S. 147, 153 (2007). Here, Petitioner is challenging the same conviction that he challenged in his previous petitions for writs of habeas corpus; therefore, the petition is second or successive.

"If [a] prisoner asserts a claim that he has already presented in a previous habeas petition, the claim must be dismissed in all cases." *Tyler*, 533 U.S. at 661 (citing 28 U.S.C. § 2244(b)(1)). If a prisoner asserts a claim that was not presented in a previous petition, the claim must still be dismissed, unless it falls within one of two narrow exceptions. *Id*. These exceptions are for claims that are "predicated on newly discovered facts that call into question the accuracy of the guilty verdict," or claims that rely on new rules of constitutional law. *Id*. at 661-62 (28 U.S.C. §§ 2244(b)(2)(A) – (B)).

Specifically, AEDPA provides:

(b) (1) A Claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

(A) the applicant shows that the claim relies on a new rule of constitutional law,

5

> made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying defense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> . . . .
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> . . . .
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244.

The case at bar is predicated on a claim relying on a new rule of constitutional law.[3] There are three prerequisites a prisoner must meet to obtain relief in a second or successive petition: (1) the rule on which the claim relies must be a "new rule" of constitutional law; (2) the rule must have been "made retroactive to cases on collateral review by the Supreme Court"; and (3) the claim must have been "previously unavailable." 28 U.S.C. § 2244(b)(2)(A).

The fact that a petitioner is granted authorization by the Ninth Circuit to file a second or successive petition does not preclude a finding by the district court that the petition is successive and the claims are barred. *See* 28 U.S.C. § 2244(b)(4); *Cooper v. Woodford*, 358 F.3d 1117, 1119

---

[3] Petitioner's claims are based on a new rule of constitutional law articulated in the Supreme Court's holdings in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). (Doc. 17 at 3-4.) The Court will explain the Supreme Court's holdings in *Johnson* and *Welch* in detail in Section III.

(9th Cir. 2004) (A "prima facie showing" at the appellate court level is "a sufficient showing of possible merit to warrant a fuller exploration by the district court."). Indeed, a district court must dismiss any claim that fails to satisfy the requirements of § 2244(b)(1) or (2), regardless of authorization granted by an appellate court. *Id*. ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."); *Tyler*, 533 U.S. at 661 n. 3 (the court of appeals may authorize the filing of a second or successive petition, "[b]ut to survive dismissal in the district court, the applicant must actually 'sho[w]' that the claim satisfies the standard.")

The Ninth Circuit has stated, pursuant to §2244(b)(4), a district court "must conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the motion meets the statutory requirements for the filing of a second or successive motion." *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1165 (9th Cir. 2000).

### III. The Petition is Second or Successive

Petitioner raises five grounds for habeas corpus relief: (1) the submission to the jury of a simple kidnapping conviction on a "vague[,] legally inadequate theory was an unreasonable application of clearly established federal law"; (2) the state court's refusal to review whether there was a basis in law to support the jury's true findings as to California Penal Code § 667.61 instructions "being vague pursuant to *Johnson v. United States* (2015) 1365 S. Ct. 2551 was an unreasonable interpretation of clearly established federal law"; (3) the state court's denial of Petitioner's instructional error claim regarding the lack of a definition of "inherent risk of harm" was an unreasonable interpretation of clearly established federal law; (4) in light of *Johnson*, California Penal Code § 667.61(d)(2) is vague and invalid; and (5) ineffective assistance of appellate counsel. (Doc. 1 at 7.) These claims were not presented in Petitioner's first petition for

7

writ of habeas corpus.[4]

Respondent maintains that Petitioner's petition should be dismissed as second or successive. (Doc. 10). Petitioner counters that he meets an exception to the bar against second or successive petitions because he was previously unable to raise his claims, as they are based "on a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). Specifically, Petitioner relies on a new rule of constitutional law articulated in the Supreme Court's holdings in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). (Doc. 17 at 3-4.)

In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act's[5] ("ACCA") definition of "violent felony" violated the Due Process Clause because it was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2555-56, 2563. In *Welch*, the Supreme Court held that the decision in *Johnson* applied retroactively on collateral review, because *Johnson* announced a new, substantive rule. *Welch*, 136 S. Ct. 1257.

Petitioner alleges the holdings in *Johnson* and *Welch*, which found a federal criminal statute to be unconstitutionally vague, apply to Petitioner's sentence pursuant to California Penal Code § 667.61,[6] under which he was sentenced. (Doc. 17 at 4.) Specifically, Petitioner contends

---

[4] Petitioner raised six grounds for habeas relief in his first petition for writ of habeas corpus: (1) ineffective assistance of counsel; (2) prosecutorial misconduct when the prosecution introduced false evidence that Petitioner was previously convicted of rape; (3) insufficient evidence of rape; (4) improper application of California Evidence Code § 1109; (5) California Jury Instruction 2.50.2, along with the preponderance of evidence standard, lessened the prosecution's burden of proof; and (6) admission of prior bad acts evidence was prejudicial.
[5] The Armed Career Criminal Act prohibits convicted felons from possessing firearms and provides for enhanced punishments for persons convicted of possession of a firearm who have three or more prior convictions for a "serious drug offense" or "violent felony." 18 U.S.C. § 924(e)(1).

The "residual clause" of the ACCA defined, in part, violent felonies as involving "conduct that presents a serious potential risk of physical injury to another." *Id*. at § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court determined that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges," and therefore violates due process. *Johnson*, 135 S. Ct. at 2557.
[6] California Penal Code § 667.61 provides for the punishment of sex-related crimes. Because Petitioner was convicted of two counts of rape and one count of oral copulation by force, under the circumstance that he kidnapped the victim, § 667.61 provided for a punishment of imprisonment for 25 years to life. Specifically, the provision states:

California Penal Code § 667.61 "presented and established an element in the rape and oral copulation convictions that neither [California Penal Code] §§ 261(a)(2)[7] nor 288a(c)[8] mentions." *Id*. at 4-5. Petitioner maintains that California Penal Code § 667.61 violates the Constitution, because it is "so vague that it fails to give ordinary people fair notice of the conduct it punishes," just as the ACCA was unconstitutionally vague. *Id*. at 5 (quoting *Johnson*, 135 S. Ct. 2551).

Petitioner was convicted of kidnapping, oral copulation, and two counts of rape and sentenced pursuant to California state law. Petitioner was not sentenced pursuant to the ACCA, nor was Petitioner sentenced under the ACCA's "residual clause" or a similar state law equivalent. *Johnson* and *Welch* specifically concerned the vagueness of the "residual clause" in the ACCA, a federal statute, and were not responding to a claim that California's kidnapping, oral copulation, or rape laws are vague. Consequently, neither *Johnson* nor *Welch* created a new due

---

(a) any person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) . . . shall be punished by imprisonment in state prison for 25 years to life.

(c) (1) Rape, . . . . (7) Oral copulation, . . . .

. . . .

(d) The following circumstances shall apply to the offenses specified in subdivision (c):

(2) The defendant kidnapped the victim of the present offense and the movement of the victim substantially increased the risk of harm to the victim over and above the level of risk necessarily inherent in the underlying offense in subdivision (c).

[7] California Penal Code § 261 provides,

(a) Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances: . . . .

(2) Where it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another."

[8] California Penal Code § 288a provides,

(a) Oral copulation is the act of copulating the mouth of one person with the sexual organ or anus of another person.

(C) Any person who commits an act of oral copulation upon a minor who is 14 years of age or older, when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, shall be punished by imprisonment in the state prison for 6, 8, or 10 years.

process right applicable to Petitioner. *See Renteria v. Lizarraga*, No. CV 16-1568 RGK (SS), 2016 WL 4650059, at *6 (C.D. Cal. Aug. 1, 2016) ("Petitioner was sentenced under California's Three Strikes Law, not [the] ACCA. . . . Petitioner was not sentenced under ACCA's 'residual clause' or even any similar state law equivalent. Accordingly, *Johnson* created no new due process right applicable to Petitioner."); *Birdwell v. California*, No. CV 16-7721 AG (KS), 2016 WL 5897780, at *2 (C.D. Cal. Oct. 5, 2016) ("[T]he *Johnson* decision is irrelevant here because Petitioner's *state* prison sentence was not enhanced under the ACCA's 'residual clause' nor was his conviction based on any state analogue of that federal criminal statute. Thus, *Johnson* created no new due process right applicable to Petitioner.") (emphasis in original). *Johnson* did not create a new due process right that is applicable to Petitioner; therefore, the Court recommends dismissing Petitioner's petition for writ of habeas corpus as second or successive.

Petitioner also argues that the reasoning in *Johnson* applies to California Penal Code § 667.61, because the ACCA and § 667.61 "share similar language." (Doc. 17 at 6.) Specifically, the ACCA included the clause "serious potential risk of injury" and § 667.61(d)(2) includes the clause "substantially increased the risk of injury." *Id*.

The Kern County Superior Court addressed this argument when denying one of Petitioner's state court petitions for writ of habeas corpus. The Superior Court found:

> *Johnson* is distinguishable from the instant case since *Johnson* dealt with the residual clause of the [ACCA].
>
> . . . . The U.S. Supreme Court, in finding the [ACCA] unconstitutional, held that without a real world evaluation of risk of harm, categorization of offenses did not put a defendant on notice as to the meaning of the residual clause. *Johnson at 2557*. A real world evaluation of risk of harm was necessary. *Id*.
>
> The U.S. Supreme Court then went on to explain how their ruling does not impact most other similarly worded laws, which is what distinguishes Petitioner's case from *Johnson*. The court reasoned that other state and federal laws using similar language such as "substantial risk" are not in jeopardy of being void for vagueness because those laws generally require gauging the riskiness of an individual's conduct on a particular occasion, not the riskiness of an idealized

> ordinary case of the crime. *Johnson*, at 2560-2562. In effect, they are already being gauged in the real world within the context of the facts surrounding the crimes committed.
>
> In Petitioner's case, the jury was first required to find Petitioner committed one or both of the crimes listed in the statute. P.C. §667.61(c) lists two crimes for which Petitioner was convicted: rape (c)(1) and forcible oral copulation (c)(7). The jury was then required to find if the victim was kidnapped and thereafter determine whether the movement substantially increased the risk of harm to the victim over and above the level of risk necessarily inherent in the underlying crimes (rape and/ or forced oral copulation). Analogizing the *Johnson* ruling to this statute, although there is similar language ("serious potential risk of injury" and "substantially increased the risk of harm"), the assessment of the risk in Petitioner's case is by the jury in relation to the actual facts and circumstances of the case. . . . [The] assessment [by the jury in this case] of the increased risk of harm was a real world evaluation as required by the statute and now approved [by] the U.S. Supreme Court. There is no constitutional infirmity.

(Lodged Doc. 46 at 2-3.)

As the Superior Court noted, although the California Penal Code and ACCA contained similar language, the Supreme Court's decision in *Johnson* was specifically tailored to the language in of the ACCA's "residual clause." The Supreme Court specifically explained that the *Johnson* decision did not affect other similarly worded laws. *See Johnson*, 135 S. Ct. at 2561 ("As a general mater, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real world conduct."). For these reasons, the Court recommends denying Petitioner's petition as second or successive.

### IV. Certificate of Appealabilty

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition is barred by the statute of limitations to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

//

//

**V.     Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court hereby ORDERS the Clerk of Court to amend the caption in this matter to reflect the name of Rick Hill, warden of Folsom State Prison, as Respondent.

IT IS SO ORDERED.

Dated:     **April 30, 2018**                    /s/ *Sheila K. Oberto*
                                                                           UNITED STATES MAGISTRATE JUDGE