UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM P. COLEMAN,<br><br>Petitioner,<br><br>v.<br><br>RICK HILL, Warden,<br><br>Respondent. | No. 1:17-cv-00940-AWI-SKO (HC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[Doc. 26] |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 20, 2016, Petitioner filed his petition before this Court. (Doc. 1.) On November 23, 2016, he filed an application with the Ninth Circuit Court of Appeal, which was granted on July 14, 2017. (Doc. 2.) Respondent moved to dismiss the petition as successive on September 18, 2017. (Doc. 10.) Petitioner filed an opposition on October 30, 2017. (Doc. 17.) On May 1, 2018, the Magistrate Judge issued Findings and Recommendations to grant the motion to dismiss. (Doc. 18.) On June 25, 2018, the Court adopted the Findings and Recommendations in full and dismissed the petition as successive. (Doc. 20.) Petitioner appealed to the Ninth Circuit, and the appeal was denied on November 7, 2018, as untimely. (Docs. 22, 25.) On June 3, 2019, Petitioner filed the instant motion for reconsideration pursuant to Fed. R. Civ. P. § 60(b)(6). (Doc. 26.)

1

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b)(6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

"Judgments are not often set aside under Rule 60(b)(6)." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006). "This rule has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Fantasyland Video, Inc. v. County of San Diego, 505 F.3d 996, 1005 (9th Cir. Cal. 2007). A party who moves for Rule 60(b)(6) relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." Latshaw, 452 F.3d at 1103; Tani, 282 F.3d at 1168. The "extraordinary circumstances" that justify relief under Rule 60(b)(6) "rarely occur in the habeas context." Wood v. Ryan, 759 F.3d 1117, 1120 (9th Cir. 2014).

In this case, judgment was entered on June 25, 2018, and Petitioner did not file the instant motion until June 3, 2019. Petitioner provides no reason why he delayed nearly a year after final judgment to seek reconsideration. The Court finds such an unexplained lengthy time period to be unreasonable. See Fed. R. Civ. P. 60(c)(1). Similarly, Petitioner has not demonstrated that "extraordinary circumstances" have prevented him from proceeding with this case in a "proper fashion." See Latshaw, 452 F.3d at 1103. Finally, Petitioner argues that this Court's analysis of *Johnson v. United States*, 135 U.S. 2551 (2015) and *Welch v. United States*, 136 U.S. 1257 (2016) was improper. However, Petitioner's arguments amount to a either a restatement of his early arguments or a disagreement with the Court's analysis, neither of which sufficiently shows manifest injustice. See American Ironworks & Erectors, Inc. v. North Am. Consrt. Corp., 248

F.3d 892, 899 (9th Cir. 2001); Sierra Club v. City & Cnty of Honolulu, 486 F.Supp.2d 1185, 1188 (D. Haw. 2007). Therefore, Petitioner has not established that relief is appropriate under Rule 60(b)(6).[1]

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 26) is DENIED.

IT IS SO ORDERED.

Dated:   August 23, 2019                              _____
                                                     SENIOR DISTRICT JUDGE

---

[1] In addition, Petitioner has not presented any viable reason justifying relief from judgment, and, pursuant to the Court's Local Rules, he has not shown any "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

3