UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM P. COLEMAN,<br><br>    Petitioner,<br><br>    v.<br><br>RICK HILL, Warden,<br><br>    Respondent. | No. 17-cv-00940-AWI-SKO (HC)<br>Appeal No. 19-16938<br><br>**ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY**<br><br>**ORDER DIRECTING CLERK OF COURT TO SERVE COPY OF ORDER ON NINTH CIRCUIT COURT OF APPEALS** |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 20, 2016, Petitioner filed his petition in this Court. (Doc. 1.) On June 25, 2018, the Court dismissed the petition as successive. (Doc. 20.) Petitioner appealed to the Ninth Circuit, and the appeal was denied on November 7, 2018, as untimely. (Docs. 22, 25.) On June 3, 2019, Petitioner filed a motion for reconsideration pursuant to Fed. R. Civ. P. § 60(b)(6). (Doc. 26.) On August 23, 2019, the Court denied the motion for reconsideration. (Doc. 27.) Petitioner filed a notice of appeal of the motion and the appeal was processed to the Ninth Circuit Court of Appeals. On October 9, 2019, the Ninth Circuit remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.

1

Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's denial of Petitioner's motion debatable or wrong. Petitioner's motion was untimely filed, and he failed to demonstrate that extraordinary circumstances prevented him from proceeding in a proper and timely fashion. Furthermore, his arguments amounted to a either a restatement of his earlier arguments or a disagreement with the Court's analysis, neither of which sufficiently showed manifest injustice.

Accordingly, the Court hereby DECLINES to issue a certificate of appealability. The Clerk of Court is DIRECTED to serve a copy of this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: December 13, 2019

_____
SENIOR DISTRICT JUDGE